MARION D. PARKER *vs.* EDWARD S. PARKER, JR.

JULY 25, 1952.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J. This is a petition for absolute divorce brought by petitioner against respondent on the ground of neglect to provide. It is before us on her exception to the decision of the trial justice denying and dismissing the petition.

The record shows that although personal service was duly made upon the respondent he did not file an answer or

enter an appearance in the superior court. He did not appear nor was he represented by counsel when the case was heard in that court, nor was he represented when the case was argued before this court.

The petitioner testified that she had resided in Rhode Island all her life; that she was married to respondent in the city of Pawtucket in this state on August 14, 1943; that her husband is an able-bodied man, who last worked in 1945; that for the past four years he has spent most of his time running around doing errands for his mother and friends; that when he was not thus engaged he spent his afternoons in the barroom drinking and playing cards; that for the past three or four years at least her husband had failed to support her; and that she gave him no just cause for such failure.

One supporting witness corroborated petitioner as to the latter's residence in this state and her conduct during her married life; also as to the fact that respondent though an able-bodied man had not supported his wife for at least a year next before the filing of the petition; and that petitioner had given respondent no reason for his failure to support her. The petitioner's counsel was prepared to present another corroborating witness but when it appeared that her testimony would be to the same general effect as that of the previous witness, the trial justice without hearing such additional testimony proceeded to discuss the case briefly and to render his decision.

After he had apparently denied the petition a colloquy ensued between the trial justice and petitioner's counsel, in which the latter requested that decision be withheld until he could file a brief in support of his position. No ruling was made on such request, but the trial justice recalled petitioner to the stand and proceeded to question her further. In response to his question as to when she last had marital relations with her husband, she stated: "It was all of two years ago." At the end of the hearing the trial justice stated: "I believe that after nine years of this kind

of life, *apparently assented to by a wife,* she is *estopped* from complaining about it now." (italics ours)

The petitioner testified that for the past three or four years she had been supporting herself. In answer to an inquiry by the court as to whether she was satisfied to have her husband around her, living with her without supporting her, she answered: "No, I wasn't." The trial justice then stated: "You come in here complaining to this Court that he neglected to support you all these years," and to this petitioner replied: "I hoped each year would bring better things. I went on hoping."

In view of petitioner's above answers which are not contradicted, we are unable to understand how the trial justice could have reached the conclusion that petitioner had assented to respondent's conduct and failure to support her. Nor is it clear as to what the trial justice meant when he stated that petitioner "is *estopped* from complaining about it now." (italics ours) In the circumstances we shall not speculate as to the sense in which the trial justice used the word "estopped," especially in view of the fact that we are without the benefit of brief or argument in support of the view that the evidence affords ground for considering petitioner's conduct a bar to the granting of her petition. In any event it does not appear that there was a sufficient defense to the overwhelming evidence produced by petitioner conclusively showing that respondent had neglected to provide for her support for the required period. In our judgment his decision in that respect was unwarranted by the undisputed and uncontradicted evidence and was therefore clearly wrong.

The petitioner's exception is sustained, and the case is remitted to the superior court with direction to enter a decision for the petitioner on the ground of neglect to provide.

*William M. Mackenzie,* for petitioner.